People v Mrowka (2024 NY Slip Op 50311(U))

[*1]

People v Mrowka

2024 NY Slip Op 50311(U)

Decided on March 22, 2024

Justice Court Of The Town Of Cambria, Niagara County

Jowdy, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2024
Justice Court of the Town of Cambria, Niagara County

People of the State of New York, Plaintiff,

against
James Mrowka, Defendant.

Docket No. 23-080014

David J. Haylett, Jr., Cambria Town Prosecutor, for the People
James Mrowka, Pro se

Amel S. Jowdy, III, J.

PROCEDURAL POSTURE
The Defendant, James Mrowka (Mrowka) was charged with violations of the Cambria Town Code occurring on April 10, 2023. On that date, it was alleged that Mrowka violated Chapters 300 and 301 of that code by maintaining a Conex storage box and Chapter 304.7 of the New York State Property Maintenance Code by having a defective porch roof. After arraignment, this matter proceeded with a non-jury trial in front of this Court.
POSITION OF PARTIES
People complain that Mrowka continually has maintained a Conex storage in his yard as an improper structure and the porch roof on his house had fallen in.
Defendant counters that the Conex storage has been on his property since 1993 with permission from the town and is only used to store his lawn tools. The porch roof has been repaired.
CAMBRIA TOWN CODE
"ARTICLE III AGRICULTURAL AND RESIDENCE DISTRICTS AR
Section 300 PERMITTED USES OF LAND AND BUILDINGS AND OTHER STRUCTURES
The Agricultural and Residence Districts are primarily for agricultural and non-farm or suburban residential uses No building or other structures shall be built, altered or erected to be used for any purpose other than the following:
1. . . .
2. . . .
3. . . .
4. . . .
5. . . .
6. . . .
7. . . .
8. Playhouse, tool house, or garden house.
9. . . .
10. . . .
11. . . .
12. . . .
13. . . .
14. . . .
15. . . .
16. . . .
17. . . ."
"Section 301 PROHIBITED USES
1. All uses not permitted in Section 300 are prohibited herein except as allowed under the Article XI provisions pertaining to Special Permits.
2. Mining, Quarry, Sand Pit, Topsoil stripping.
3. Any and all signs other than signs for the sale of farm products, real estate signs and temporary signs including political signs located in compliance with this ordinance.
4. Wineries, cideries, distilleries, breweries, microbreweries, meaderies, etc. which are licensed as "Farm Wineries", etc., by the New York State Alcohol Beverage Control (ABC) Law Section 76, etc., whose agricultural crops used to produce the farm winery's alcoholic beverages do not constitute a farm operation under the New York State Agriculture and Markets Law Section 305-a due to less than 51% of the agricultural crops used to produce the farm's alcoholic beverage being grown by the farm."
FACTS
The People called Matthew Cooper (Cooper), Deputy Cambria Town Building Inspector. He has spent six weeks being trained by New York State and is required to have continuing education. He has been certified by the State in that capacity. Cooper observed violations of the Town Code at 5143 Lower Mountain Road in the Town of Cambria, New York, on April 10, 2023. He indicated that Mrowka resided at and owned the Lower Mountain Road property. Cooper sent a standard notice of violation letter to Mrowka to remedy the situation by May 31, 2023 and prior to a new inspection. He explained to the Defendant that non-compliance may constitute an offense. Thereafter, he issued the present accusatory instrument July 21, 2023. After filing his documentation with the court, Cooper again visited the subject premises and found the porch roof repaired and therefore that charge was withdrawn. However, the Conex storage box is a structure without exits or ventilation and is in violation of an unspecified section of the State of New York building code.
Defendant Mrowka also testified that in 1993 when he placed the Conex storage box on his property he was told by the Town of Cambria that it was not a prohibited use as he was using it as a storage shed for his garden and yard tools. It does have a door which is easily accessed and unlocked.
DECISION
The Court has spent extensive time in researching the Cambria Town Code, New York [*2]State Codes and other towns/cities codes regarding the definition of shipping containers to little avail. It is clear the Town of Cambria Codes Sections 300 and 301 do not contain any reference to the term "shipping container" as opposed to "structure". Those terms are at the heart of this case. The Court is restrained in the requirement that the criminal law must be strictly construed. The Court did find that the Town of Catskill had a specific Chapter (132A) defining shipping containers. The Court finds that Mrowka's out building is a shipping container and not defined under Cambria's Code. Obviously there is a gap in the Town Zoning Code which must be cured by legislative, not judicial, action. Sections 300 and 301 of the Cambria Town Code were pled while specific sections of the New York Code were not (that which required exits and ventilation). The People are under the obligation first to adequately inform the Defendant of any proposed violation so that he may be able to mount a defense and, secondly, to prove beyond a reasonable doubt whatever was pled for a conviction. Here the Town Prosecutor made reference to a requirement that the container was a structure and therefore under the State Building Code. It was required to have ingress/egress and ventilation. However, he was unable to provide the Court with the appropriate section thus he was unable to plea much less prove a violation of the New York State Code. Defendant maintained he used the Conex box for tool house under Section 300(8). The Court does not find any violation in the Town Code (even Section 1307 regarding New York State Fire Code), nor in the 968 pages of New York State Residential Code for this type of "tool shed".
VERDICT
Deputy Town Building Inspector Cooper's testimony was truthful, straight forward, candid and credible and, but for, cross examination, uncontroverted. Clearly, Cooper observed what he thought was a violation of the Cambria Town Code regarding the Conex storage box. The Defendant maintained there was no violation of the Town's Code and he only used the Conex box as a storage shed. Accordingly, this Court finds the Defendant not guilty of violating Sections 300 and 301 of the Cambria Town Code which occurred on April 10, 2023.
Dated: March 22, 2024
Lockport, New York
Hon. Amel S. Jowdy, III
Cambria Town Justice